**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Michael Duane Graham, ) | C.A. No. 6:05-0243 |
| # 10724-018 ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER and OPINION** |
| vs. ) | |
| ) | |
| Matthew B. Hamidullah, Warden, ) | |
| FCI-Estill; and United States, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This action is before the court upon the magistrate judge's recommendation that respondents' Motion for Summary Judgment be granted. Proceeding pro se, petitioner Michael Duane Graham seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. This record includes a Report and Recommendation ("Report") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B) (2000).

**I.     BACKGROUND**

Petitioner is an inmate incarcerated at the Federal Correctional Institution in Estill, South Carolina. Petitioner was sentenced on May 16, 1990 to a term of 225 months incarceration for bank robbery. Prior to his incarceration he received 181 days credit for prior custody.

Petitioner contends that the Bureau of Prisons' ("BOP") method of calculating "Good Conduct Time" ("GCT") is inconsistent with the statute detailing the GTC program, 18 U.S.C. § 3624(b). According to plaintiff, GCT should be calculated based on the sentence imposed; in his instance, 225 months. Defendants Matthew B.

Hamidullah, Warden, FCI-Estill and the United States contend GTC is properly awarded based on the time actually served. The magistrate judge agreed with respondents' interpretation of the GTC calculation, and recommended that respondents' motion for summary judgment be granted. The magistrate also dismissed the United States from this action. Plaintiff filed his objections with this court.

## II.     TIME FOR FILING OBJECTIONS

A plaintiff may object, in writing, to a magistrate judge's Report within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Three days are added to the ten-day period if the Report is mailed rather than personally served. The magistrate judge's Report was filed on September 12, 2005. Plaintiff filed his timely written objections on October 3, 2005.

## III.    STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's Report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. See 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50; see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) (stating that "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision). General objections will not suffice to obtain judicial review of a magistrate judge's

findings. See Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).

Summary judgment shall be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The trial judge will grant summary judgment "if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." Id. The judge is not required to make findings of fact. See id. Rather, the threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. Summary judgment provides an avenue "to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**IV.     PRO SE PETITIONS**

Pro se complaints and petitions should be construed liberally by this court. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not

3

mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

## V. ANALYSIS

Plaintiff's objections reiterate his methodology for GCT calculation.[1] As the magistrate judge noted, the Fourth Circuit recently considered "whether GCT must be awarded based upon the length of a prisoner's sentence or his time actually served." Yi v. Federal Bureau of Prisons, 412 F.3d 526, 530 (4th Cir. 2005).[2] The court concluded that the "BOP reasonably interpreted [§ 3624] so as to require the calculation of GCT based upon the inmate's time served." Yi, 412 F.3d at 534. The court also specifically rejected the interpretation advanced by petitioner.

Therefore, the conclusion reached by the magistrate judge must be affirmed.

## VI. CONCLUSION

For the reasons stated above and by the magistrate judge, it is therefore **ORDERED** that respondent United States's motion to dismiss be **GRANTED**; and respondent Hamidullah's motion for summary judgment be **GRANTED**.

The court hereby incorporates the entirety of the magistrate judge's Report into this Order.

**AND IT IS SO ORDERED.**

---

[1] Plaintiff does not object to the dismissal of the United States as a party.

[2] The Fourth Circuit issued Yi v. Federal Bureau of Prisons after briefs were submitted to the court in this matter, but before the magistrate issued his Report.

_[signature]_

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 21, 2005**
**Charleston, South Carolina**

5